# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Sterling L. Singleton, | ) |
| Plaintiff, | ) Civil Action No. 9:19-cv-02840-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Capt. Jordan Williams, Sgt. Wellington Williams, Sgt. Dana Knowlin, Sgt., Chris Poindexter, Sgt., Donald Harper, Ofc. Zackery Pinkney, | ) |
| Defendant. | ) |

Plaintiff Sterling Singleton ("Singleton") is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC") and brings this action pursuant to 42 U.S.C. § 1983. The matter before the court is review of Singleton's Motion for Temporary Restraining Order or Motion for Preliminary Injunction (ECF No. 2) against all SCDC prison officials.[1] The Magistrate Judge, after reviewing Singleton's submissions, recommended that the court deny Singleton's Motion. (ECF No. 16.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 16) and **DENIES** Singleton's Motion for Temporary Restraining Order or Motion for Preliminary Injunction (ECF No. 2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without full recitation. As brief background, Singleton filed a motion in which he appears

---

[1] Singleton does not note any specific action that he wants the court to restrain the officers from continuing, but claims that he fears retaliation due to his exercise of constitutional rights as well as past allegations he has made against the department. (ECF No. 2 at 1.)

1

to seek a temporary restraining order or motion for preliminary injunction against all SCDC prison officials. (ECF No. 2 at 1.) Singleton does not note any specific action that he wants the court to restrain the officers from continuing, but claims that he fears retaliation due to his exercise of constitutional rights as well as past allegations he has made against the department. Singleton alleges that "unknown prison officials have already set [him] up in cahoots with prisoners to murder [him]." (*Id.*) The Magistrate Judge issued her Report recommending that Singleton's Motion be denied on December 16, 2019. (ECF No. 16.) Singleton filed a Motion for Extension of Time to Respond on January 10, 2020. (ECF No. 18.) The court granted Singleton's Motion for Extension of Time to Respond (ECF No. 18) and extended his deadline to January 24, 2020. (ECF No. 19.) Singleton failed to respond by January 24, 2020, and requested another extension on February 22, 2020 (ECF No. 37), which the court denied. The Magistrate Judge's Report is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were advised of their right to file specific objections to the Report on December 16, 2020. (ECF No. 16.) Objections to the Report were initially due by December 30, 2019. If a party was served by mail or otherwise if allowed under Fed. R. Civ. P. 6, objections were due January 3, 2020. Neither party filed objections to the Report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the

facts and law in the instant case. (ECF No. 16.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **DENIES** Singleton's Motion for Temporary Restraining Order or Motion for Preliminary Injunction (ECF No. 2).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 6, 2020
Columbia, South Carolina