# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Sterling L. Singleton,              )<br>                                                  )<br>            Plaintiff,         )<br>                                                  )<br>    v.                                      )<br>                                                  )<br>Capt. Jordan Williams, Sgt. Wellington )<br>Williams, Sgt. Dana Knowlin, Sgt., Chris )<br>Poindexter, Sgt., Donald Harper,       )<br>Ofc. Zackery Pinkney,                     )<br>                                                  )<br>            Defendants.    )<br>_____ ) | Civil Action No. 9:19-cv-02840-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on May 5, 2020. (ECF No. 48.) The Report addresses Plaintiff Sterling Singleton's ("Plaintiff") suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case for failure to prosecute (ECF No. 48 at 2.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 48) and **DISMISSES** the case pursuant to Fed. R. Civ. P. 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 48.) As brief background, on October 7, 2019, Plaintiff, proceeding *pro se*, filed his Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff alleges that Defendants, while escorting Plaintiff to lock up, "slam[med] kick[ed], and stomp[ed] [him]" while his hands were cuffed behind his back. (ECF No. 1 at 6.) He alleges injuries to his shoulder, wrist, neck, back, and face and alleges mental and emotional trauma. *Id*.

On April 3, 2020 and on April 6, 2020, orders were mailed to Plaintiff. However, Plaintiff's copies of the Court's orders were returned to the Clerk of Court on May 4, 2020, with the envelopes being marked "Return to sender, attempted - not known, unable to forward" and "RTS Refused". The court notes that when Plaintiff filed this action, he was specifically instructed as

1

follows:
> You are ordered to always keep the Clerk of Court advised **in writing**…if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address…**Your failure to do so will not be excused by the Court.** (emphasis added)

( *See* ECF No. 17.)

Plaintiff has failed to respond to the Report. The Report is ripe for adjudication.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on May 5, 2020. (ECF No. 48.) Objections to the Report were due by May 19, 2020. (ECF No. 48.) However, objections were due by May 22, 2020, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id*.) Neither party filed objections to the Report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th

Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 48.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 48). Therefore, the court **DISMISSES** the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 28, 2020
Columbia, South Carolina

3